■ LEON J. ALLEN, an Infant, by His Guardian ad Litem, HENRY J. ALLEN, Respondent, v. CHRISTINE B. BROWER, Appellant.— In a negligence action pending in the Supreme Court, Kings County, to recover damages for injury to person and property, in which defendant served a notice of disclosure upon plaintiff, a resident of said county, requiring him to appear for pretrial examination in New York County at the office of defendant's attorneys, the defendant appeals from an order of said court, made November 20, 1963, which in effect granted plaintiff's motion to the extent of: (a) modifying the said disclosure notice by directing the plaintiff to appear for the pretrial examination in Kings County "at the Courthouse, Special Term, Part II;" (b) directing the defendant to appear for pretrial examination by the plaintiff at the same place; and (c) fixing the priority of the respective examinations by directing that the plaintiff be examined first. Order modified on the law as follows: (1) by striking out the first decretal paragraph which inadvertently denied plaintiff's motion "in all respects;" (2) by substituting therefor a paragraph denying plaintiff's motion insofar as it seeks to vacate or modify defendant's notice of disclosure, and granting plaintiff's motion insofar as it seeks to direct defendant to appear for pretrial examination in Kings County, at Special Term, Part II of the Supreme Court; (3) by striking out the second decretal paragraph directing both parties to appear for pretrial examination in Kings County at Special Term, Part II; and (4) by substituting therefor a paragraph directing plaintiff to appear for pretrial examination in New York County at the office of defendant's attorneys, and directing defendant to appear for examination in Kings County at Special Term, Part II of the Supreme Court. As so modified, order affirmed, without costs. The examinations of the respective parties shall proceed on 10 days' written notice or at such other time as the parties may mutually fix by written stipulation. The plaintiff's examination, however, shall precede the defendant's examination. CPLR 3110 in its final paragraph expressly provides that: "For the purpose of this rule New York City shall be considered one county." In our opinion this declaration clearly applies to the entire rule, and is not intended to be confined to its third subdivision which relates only to "a public corporation or any officer, agent or employee thereof". The declaration is general and unqualified; it alludes to the *rule* as such, and not to any one of its three subdivisions. Accordingly, under the rule, a party who resides, or has an office for the regular transaction of business, or is properly examinable in any of the counties situate in New York City, may be required to appear for

the taking of his pretrial deposition in *any* of the counties comprising New York City. In the event the moving party should abuse such privilege of county selection, appropriate relief by protective order may be obtained on a proper showing of "unreasonable annoyance, expense, embarrassment, disadvantage, or other prejudice to any person or the courts" (CPLR 3103, subd. [a]). No such showing was made here. Beldock, P. J. Ughetta, Christ, Rabin and Hopkins, JJ., concur.